# UNITED STATES DISTRICT COURT

Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| TYJUAN JENKINS | ) | Case Number: 11-CR-0535-SJ-05 |
| | ) | USM Number: 79473-053 |
| | ) | Sean Hecker, 919 Third Ave, NY NY 10022 |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)   one of a one-count superseding indictment.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)   The Court accepts the plea taken before Magistrate Judge Azrack on 4/5/2012.
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21USC846, 841(a)(1) and 841(b)(1)(C) | Conspiracy to distribute and possess with intent to distribute marijuana | 7/31/2011 | 1s |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   open underlying indictment   ☑ is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/27/2013
Date of Imposition of Judgment

*Signature of Judge*

STERLING JOHNSON, JR.,    U.S.D.J.
Name of Judge              Title of Judge

10/16/2013
Date

Judgment — Page 2 of 7

DEFENDANT: TYJUAN JENKINS
CASE NUMBER: 11-CR-0535-SJ-05

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**Not applicable.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: TYJUAN JENKINS
CASE NUMBER: 11-CR-0535-SJ-05

# PROBATION

The defendant is hereby sentenced to probation for a term of:

Three (3) years.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

or if such prior notification is not possible, then within forty eight hours after such change;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: TYJUAN JENKINS
CASE NUMBER: 11-CR-0535-SJ-05

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not possess a firearm; ammunition, or destructive device

DEFENDANT: TYJUAN JENKINS
CASE NUMBER: 11-CR-0535-SJ-05

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine   ☐ restitution.

    ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: TYJUAN JENKINS
CASE NUMBER: 11-CR-0535-SJ-05

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ **100.00** due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

    money forfeiture in the amount of Ten Thousand dollars ($10,000.00) in United States Currency.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

Case 1:11-cr-00535-SJ Document 275 Filed 10/18/13 Page 7 of 12 PageID #: 819

DEFENDANT: TYJUAN JENKINS
CASE NUMBER: 11-CR-0535-SJ-05

Judgment—Page 7 of 7

## ADDITIONAL FORFEITED PROPERTY

SEE ATTACHED CONSENT ORDER OF FORFEITURE.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

Case 1:11-cr-00535-SJ Document 275 Filed 10/18/13 Page 7 of 12 PageID #: 819

DEFENDANT: TYJUAN JENKINS

Judgment—Page 7 of 7

SLR:LDM:JC
F.#2011R01705

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA

    -against-

TYJUAN JENKINS,
    also known as "Ty,"

               Defendant.
- - - - - - - - - - - - - - - - - - - X

CONSENT ORDER OF
FORFEITURE

11-CR-535 (S-1) (SJ)

        WHEREAS, on April 5, 2012, the defendant, Tyjuan Jenkins, entered a plea of guilty to the above-captioned superseding indictment, charging a violation of 21 U.S.C. § 846; and

        WHEREAS, the defendant, as part of his cooperation agreement with the United States, has consented to the entry of an Order of Forfeiture, imposing a forfeiture money judgment in the amount of Ten Thousand Dollars and no cents ($10,000.00) in United States currency (the "Forfeiture Money Judgment"), as well as forfeiture of any and all right, title and interest that the defendant may have had in the following assets that were previously judicially or administratively forfeited (items (1) through (4) collectively referred to as the "Forfeited Assets"): (1) $50,700 in U.S. currency seized from Michael Adams on November 23, 2009; (2) $5,000 in U.S. currency seized from Keva Adams on August 15, 2011; (3) a 2003 GMC Yukon seized from Michael Adams on August 15, 2011; and (4) $2,248 in U.S. currency seized from Arthur Stewart on August 16, 2011, as property that constitutes or derived from proceeds the defendant obtained, directly or indirectly, as a result of his violation of 21 U.S.C. § 846, property used or intended to be used in any manner or part to commit or facilitate the commission of such

violation, and/or substitute assets as defined in 21 U.S.C. § 853(p), and thus are subject to forfeiture to the United States pursuant 21 U.S.C. §§ 853(a) and 853(p).

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. §§ 853(a) and 853(p);

2. The Forfeiture Money Judgment shall be made by certified or bank check, payable to the United States Marshal's Service. The defendant shall pay the Forfeiture Money Judgment in full at least 30 days prior to the date of his sentencing (the "Due Date"). The defendant shall cause said checks to be sent by overnight mail to Assistant United States Attorney James Cho, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of each check.

3. If the Forfeiture Money Judgment is not paid in the full on or before the Due Date, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, the defendant consents to the forfeiture of any other property that he owns up to the balance owed on the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p). The Government may also execute the Forfeiture Money Judgment against any other assets of the defendant up to the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedure Act, and/or any other applicable law.

4. The defendant agrees to fully assist the Government in effectuating the payment of the Forfeiture Money Judgment. The defendant also agrees to fully assist the Government in

effectuating the surrender of the Forfeited Assets and to take whatever steps are necessary to ensure that clear title thereto passes to the United States. The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to the Forfeited Assets or to any property against which the Government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

5. The defendant agrees that the forfeiture of the Forfeiture Money Judgment and the Forfeited Assets is not to be considered a payment of a fine, restitution, or of any income taxes that may be due.

6. The defendant represents that he has disclosed all of his assets to the United States on a financial disclosure statement, dated January 6, 2012 and entitled "United States on a United States Department of Justice Financial Disclosure Statement" (hereinafter, the "Financial Statement"). The defendant shall forfeit to the United States all assets in which he has an interest but fails to disclose on the Financial Statement, if any. Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. The defendant shall execute any documents necessary to effectuate the forfeiture of said assets.

7. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on forfeiture of said monies/and properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post

Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

8. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

9. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order of Forfeiture shall become final as to the defendant at the time of his sentencing and shall be made part of the sentence and included in the judgment. This order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

10. Upon entry of this Order, the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

11. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

12. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of Court is directed to send, by interoffice mail, five certified copies

of this executed Order to Assistant United States Attorney James Cho, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Date:   Brooklyn, New York
        September 26, 2013

                              SO ORDERED:

                              s/ SJ
                              _____
                              HONORABLE STERLING JOHNSON, JR
                              UNITED STATES DISTRICT JUDGE